UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| 336 LIQUOR STORE, INC. d/b/a<br>CRUSH WINE & SPIRITS,<br>    Plaintiff<br><br>v<br><br>CRUSH WINE BEVERAGE COMPANY,<br>INC. d/b/a/ "CRUSH FINE WINE,"<br>KRISTIAN VASILEV and<br>YOGESH LABHSETWAR,<br>    Defendants. | Civil Action No. _____ |

**COMPLAINT FOR TRADEMARK, TRADE NAME AND DOMAIN NAME INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION AND FALSE ADVERTISING**

**INTRODUCTION**

1. This is an action for injunctive relief and damages under the Lanham Act and common law based on Defendants' unlawful adoption and use of (a) the name CRUSH FINE WINE, (b) a logo design featuring the word CRUSH in white letters on a black background, with the "U" as an upright wine glass; and (c) the domain name crushfinewine.com. Each of these uses by Defendants are either identical or confusingly similar Plaintiff's registered trademarks, CRUSH, CRUSH WINE CO., and CRUSH WINE & SPIRITS (design plus words).

**THE PARTIES**

2. Plaintiff 336 Liquor Store, Inc., which operates under Crush Wine & Spirits ("Crush Wine & Spirits") is a corporation organized and existing under the laws of the State of

New York, with its principal place of business located at 153 East 57th Street, New York, NY 10022.

3. Upon information and belief, Defendant Crush Beverage Company, Inc. ("Crush Beverage Company") is a corporation organized and existing under the laws of the State of Massachusetts with it principal place of business located at 801 Purchase Street, New Bedford, MA 02740. Defendant Crush Beverage Company does business under the name "Crush Fine Wine."

4. Upon information and belief, Defendant Yogesh Labhsetwar ("Labhsetwar") is an individual who is president, treasurer, secretary, and/or director of Crush Beverage Company, and resides or maintains offices at 455 William S. Canning Blvd., Fall River, MA 02721

5. As reflected in the online records for the Corporations Division, Secretary of the Commonwealth of Massachusetts, Crush Beverage Company's agent for service of process is Yogesh Labhsetwar, 455 William S. Canning Blvd., Fall River, MA 02721.

6. Upon information and belief, Defendant Kristian Vasilev ("Vasilev") is an individual who is "proprietor" and "sommelier" of Crush Beverage Company, and resides in or near New Bedford, Massachusetts.

**JURISDICTION AND VENUE**

7. Subject matter jurisdiction over the Lanham Act claims in this action is conferred upon the Court pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367.

8. This Court has personal jurisdiction over Defendants, each of which transacts business in this judicial district.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) because Defendants have substantial contacts with this judicial district and/or a substantial part of the events or omissions giving rise to the claims in this Complaint occurred in this judicial district.

**FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS**

10. Plaintiff is owner of the following trademarks (collectively, the "CRUSH Marks"):

   a. CRUSH WINE CO., U.S. Reg. No. 3076451, which registered on April 4, 2006, covering services in international class 35, to wit, "Retail store services, mail order catalog services, and computerized on-line ordering services all in the field of wine and liquor." The mark is a standard character mark and the word "wine" is disclaimed;

   b. CRUSH, U.S. Reg. No. 3718110, which registered on December 1, 2009, covering goods in international class 35, to wit, "Catalog ordering services featuring wines and spirits; mail order services featuring win and spirits; on-line retail store services featuring wines and spirits; retail store services featuring wines and spirit." The mark is a standard character mark; and

   c. CRUSH WINE & SPIRITS, U.S. Reg. No. 3453258, which registered on June 24, 2008, covering services in international class 35, to wit, "Catalog ordering service featuring wines and spirits; Mail order services featuring wines and spirits; On-line retail store services featuring wines and spirits; Retail store services featuring wines and spirits." The mark consists of the word CRUSH with the "H" as an upside down wine glass and the words WINE & SPIRITS below. "WINE & SPIRITS" is disclaimed. The form of the registered mark is as follows:



11. Each of the CRUSH Marks are valid, subsisting and incontestable.

12. The CRUSH Marks are not limited by channels of trade or classes of purchasers.

13. Since at least as early as February 26, 2005, Plaintiff has continually advertised, marketed and sold wine and spirits under each of the CRUSH Marks, has invested substantial resources in advertising and promoting its goods, and has acquired substantial goodwill and notoriety under the CRUSH marks.

14. Plaintiff is well-known and highly respected in the retail wine industry and sells its goods in-store, online, and by catalogs throughout the United States and the world.

15. Upon information and belief, sometime in or around late 2012, one or more of the Defendants adopted the name "Crush Fine Wine" as the name of their store and business, which is advertised online, among other places (the "Infringing Name").

16. Along with the adoption of the Infringing Name, Defendants developed or had developed, and adopted, a logo design featuring the word CRUSH in white letters on a black background, with the "U" as an upright wine glass (the "Infringing Logo"). An example of the logo is as follows:



17.     On November 10, 2012, one or more of the Defendants registered, or caused to be registered, the domain name, crushfinewine.com (the "Infringing Domain Name").

18.     Both the Infringing Name and Infringing Logo are either identical or confusingly similar to the CRUSH Marks.

19.     Both Plaintiff and Defendants sell wine on a retail basis.

20.     Both Plaintiff and Defendants use the same channels of advertising and social media, including but not limited to the World Wide Web, Facebook and Twitter.

21.     Plaintiff's and/or Defendants' customers, people in the trade, and the public in general are likely to be confused, mistaken, misled and deceived as to the origin, affiliation, endorsement or sponsorship of Defendants' retail services under the Infringing Name and Infringing Logo, and misled into believing that such retail services emanate from or are in some way associated with Plaintiff, to the damage and detriment of Plaintiff, its good will and reputation.

22.     Defendants are and have been on constructive notice of Plaintiff's prior rights in its CRUSH Marks by virtue of the subsistence of each of the registrations for the CRUSH Marks.

23.     Defendants are and have been on actual notice of Plaintiff's prior rights in the CRUSH Marks since as early as September 18, 2014, when Plaintiff's counsel sent a cease-and-desist notice to Defendant Crush Beverage Company.

24. On September 19, 2014, Defendants Labhsetwar and Crush Beverage Company wrote to Plaintiff's counsel as follows:

> I am willing to change the name and surrender the domain to your client as soon as possible. This will come at a substantial cost to me but is the right thing to do. All I ask for is time till the end of year to sort this all out.

25. On November 6, 2014, Defendants Labhsetwar and Crush Beverage Company advised Plaintiff's counsel via email that he would be "changing the name starting January 2015, as that's how much time the city and state of MA need to approve the change."

26. On December 27, 2014, Defendants Labhsetwar and Crush Beverage Company posted a notice on the Facebook page for "Crush Fine Wine" that "Crush will temporarily close while we go through the process of obtaining a new license. The name will be new, but the concept, management, and team will remain the same."

27. Despite Defendants' knowledge that their Infringing Name. Infringing Logo and Infringing Domain Name infringed on Plaintiff's CRUSH Marks, Defendants continued using same.

**COUNT ONE**
**Federal Trademark Infringement**
**(15 U.S.C. §§ 1114-1117; Lanham Act § 32-35)**

28. Plaintiff realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 27 of this Complaint.

29. Without Plaintiff's consent, Defendants have used and are using the Infringing Name, Infringing Logo and Infringing Domain Name, each of which is confusingly similar to Plaintiff's CRUSH Marks.

30. Defendants' acts of trademark infringement have been and are being committed willfully and with the intent to cause confusion, mistake or deception in violation of 15 U.S.C. § 1114.

31. As a direct and proximate result of Defendants' infringing activities, Plaintiff has suffered or is likely to suffer damages, including without limitation irreparable damage to its business reputation and goodwill.

32. Unless enjoined from using the Infringing Name, Infringing Logo and Infringing Domain Name, Defendants' infringing conduct as alleged herein will continue to cause irreparable harm and injury to Plaintiff's business and goodwill for which there is no adequate remedy at law.

33. Defendants' conduct has also caused and, unless enjoined, will continue to cause inevitable public confusion for which there is no adequate remedy at law.

34. Consequently, Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

35. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover damages in an amount to be determined at trial, including but not limited to the profits earned by Defendants from their infringing conduct.

36. Defendants' trademark infringement as alleged herein is an exceptional case and undertaken willfully, thereby entitling Plaintiff to receive three times its actual damages or three times Defendants' profits, whichever is greater, and to an award of attorneys' fees under 15 U.S.C. §§ 1117(a) and (b).

37. Pursuant to 15 U.S.C. § 1118, Plaintiff is entitled to the destruction of all goods, signs, labels, packages, advertisements, brochures, hang tags, web pages and other items, tangible and intangible, that bear the Infringing Name and/or Infringing Logo and are in the possession or under the control of Defendants.

## COUNT TWO
### False Designation of Origin, Unfair Competition, False Advertising
**(15 U.S.C. § 1125(a); Lanham Act § 43(a))**

38. Plaintiff realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 37 of this Complaint.

39. Defendants' conduct complained of herein constitutes the use of symbols or devices tending falsely to describe the infringing product within the meaning of 15 U.S.C. §1125(a)(1).

40. Defendants' use of the Infringing Name, Infringing Logo and Infringing Domain Name is likely to cause confusion, mistake or deception by or in the public and persons in the trade as to the affiliation, connection, association, origin, sponsorship or approval of the Defendants' and Plaintiff's goods and services, to the detriment of Plaintiff and in violation of 15 U.S.C. §1125(a)(1).

41. Defendants' conduct was undertaken willfully and with the intent to cause confusion, mistake and deception in the trade and on the part of persons in the trade and the public.

42. Defendants' conduct has damaged Plaintiff's business reputation and good will.

43. Defendants' conduct has caused and, unless enjoined, will continue to cause irreparable harm and injury to Plaintiff's business reputation and goodwill for which there is no adequate remedy at law.

44. Defendants' conduct has caused and, unless enjoined, will continue to cause inevitable confusion in the trade and on the part of the public, for which there is no adequate remedy at law.

45. Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

46. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover damages in an amount to be determined at trial, including but not limited to the profits earned by Defendants from their use of Infringing Name, Infringing Logo and Infringing Domain Name, each of which is confusingly similar to Plaintiff's CRUSH Marks.

47. Defendants' trademark infringement as alleged herein is an exceptional case and undertaken willfully, thereby entitling Plaintiff to receive three times its actual damages or three times Defendants' profits, whichever is greater, and to an award of attorneys' fees under 15 U.S.C. §§ 1117(a) and 1117(b).

48. Pursuant to 15 U.S.C. § 1118, Plaintiff is entitled to the destruction of all goods, signs, labels, packages, advertisements, brochures, hang tags, web pages and other items, tangible and intangible, that bear the Infringing Name, Infringing Logo and/or Infringing Domain Name, and are in the possession or under the control of Defendants.

## COUNT THREE
## Common Law Unfair Competition and False Designation of Origin

49. Plaintiff realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 48 of this Complaint.

50. Plaintiff has expended substantial time, resources and effort to develop and obtain an excellent reputation and good will for itself and its CRUSH Marks.

51. Defendants have knowingly and willfully adopted the confusingly similar Infringing Name, Infringing Logo and Infringing Domain Name in an unlawful effort to capitalize on Plaintiff's goodwill for Defendants' own pecuniary gain.

52. Defendants' unlawful adoption and use of the Infringing Name, Infringing Logo and Infringing Domain Name (a) is calculated to and likely to confuse, deceive and mislead the trade and consumers into believing that Defendants' goods and services originated or were authorized by Plaintiff, and (b) has caused and is likely to continue to cause confusion as to origin, affiliation, endorsement or sponsorship of Defendants' goods and services, all to Plaintiff's detriment.

53. Upon information and belief, Defendants have obtained gains, profits and advantages as a result of their impermissible and unlawful use of the Infringing Name, Infringing Logo and Infringing Domain Name in an amount not yet determined or ascertainable.

54. Defendants' acts as alleged in this Complaint constitute unfair competition and will, unless enjoined by this Court, result in (a) damage to and destruction and/or diversion of Plaintiff's goodwill in its CRUSH Marks, and (b) the unjust enrichment of Defendants.

## COUNT FOUR
### False Designation of Origin, Unfair Competition, False Advertising
### Anti-Cybersquatting Consumer Protection Act ("ACPA")
### (15 U.S.C. § 1125(d); Lanham Act § 43(d))

55. Plaintiff realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 54 of this Complaint.

56. On November 10, 2012, one or more of the Defendants registered, or caused to be registered, the Infringing Domain Name through GoDaddy.com, Inc., using as the registrant contact, Domains by Proxy, LLC, thereby intentionally concealing the name of the registrant.

57. Defendants registered the Infringing Domain Name with the bad faith intent of profiting from the CRUSH Marks.

58. As aforesaid, the CRUSH Marks are distinctive, and were distinctive as of the date of the registration of Infringing Domain Name.

59. Defendants' Infringing Domain Name is confusingly similar to Plaintiff's CRUSH Marks.

60. Pursuant to 15 U.S.C. § 1125(d)(1)(C), Plaintiff is entitled to the transfer of the Infringing Domain Name to itself.

61. Plaintiff is also entitled to (a) a preliminary injunction enjoining Defendants from transferring the Infringing Domain Name to any entity other than Plaintiff during the pendency of this action; and (b) a preliminary and permanent injunction enjoining Defendants from continuing to operate its website at the Infringing Domain Name.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendants as follows:

(a) Entering a preliminary injunction enjoining Defendants from transferring the Infringing Domain Name to any entity other than Plaintiff during the pendency of this action;

(b) Entering a preliminary and permanent injunction against Defendants from (1) using the Infringing Name, Infringing Logo and Infringing Domain Name; and (2) engaging in any other act that constitutes infringement, unfair competition, false advertising or trademark dilution in violation of Plaintiffs' rights, including but not limited to the use of Infringing Name and Infringing Logo in online social media channels such as Facebook and Twitter;

(c) Requiring Defendants to take any action as may be directed by the Court for the purpose of attempting to alleviate or remedy confusion among consumers caused by Defendants' conduct complained of herein;

(d) Awarding Plaintiff damages pursuant to 15 U.S.C. § 1117(a) sufficient to compensate Plaintiff for Defendants' false designation of origin, unfair competition and trademark dilution through their use of the Infringing Name, Infringing Logo and Infringing Domain Name;

(e) Ordering Defendants to account to Plaintiff for its profits derived by reason of their misappropriation of the Plaintiff's CRUSH Marks and Defendants' use of the Infringing Name, Infringing Logo and Infringing Domain Name;

(f) Pursuant to 15 U.S.C. § 1117, awarding Plaintiff the greater of three times Defendants' profits or three times any damages sustained by Plaintiff, whichever is greater;

(g) Pursuant to 15 U.S.C. § 1117, awarding Plaintiff its costs, expenses and attorneys' fees incurred with respect to this action;

(h) Pursuant to 15 U.S.C. § 1118, ordering the destruction of all goods, signs, labels, packages, advertisements, brochures, hang tags, web pages and other items, tangible and intangible, that bear the Infringing Name, Infringing Logo and/or Infringing Domain Name and are in the possession or under the control of Defendants;

(i) Ordering Domains by Proxy, LLC to turn over to Plaintiff the name and physical address of the registrant of the Infringing Domain Name;

(j) Transferring the Infringing Domain Name (crushfinewine.com) from the registrant to Plaintiff;

(k) Awarding Plaintiff both pre-judgment and post-judgment interest on any monies to be paid by Defendants;

(l) Awarding Plaintiff its costs, expenses and attorneys' fees incurred with respect to this action; and

(m) Awarding such other and further relief as to the Court seems just, proper and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38 (F.R.C.P 38), Plaintiff hereby demands a jury trial on all issues so triable.

        Respectfully Submitted,
        336 Liquor Store, Inc.
        By its attorneys,

        */s/ Kenneth J. DeMoura*
        Kenneth J. DeMoura
        BBO#: 548910
        DEMOURA|SMITH LLP
        One International Place, 14th Floor
        Boston, MA 02110
        Office: 617.535.7531
        Fax: 617-535-7532
        kdemoura@demourasmith.com

Dated: January 21, 2015